UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Arielle Beachy, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TransPerfect Translations International, Inc.,<br><br>Defendant. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT** |

## PRELIMINARY STATEMENT

1. This is a collective action brought by Arielle Beachy ("Plaintiff"), on behalf of herself and all others similarly situated. Plaintiff and those similarly situated are or were employed by TransPerfect Translations International, Inc. ("TransPerfect" or "Defendant"), as Project Managers, Senior Project Managers, Executive Project Managers, or other positions with similar titles and/or duties (collectively "Project Managers") and were denied proper compensation as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. Plaintiff was previously an opt-in Plaintiff in the *Menchaca v. Transperfect Translations International, Inc.*, Case No. 21-cv-09390 ("Menchaca Case") filed in the United States District Court for the Central District of California on December 3, 2021, where the named plaintiff there alleged TransPerfect failed to (1) pay her and others similarly situated overtime compensation under FLSA, (2) pay her and others similarly situated overtime compensation under California law, and (3) timely pay her all wages due under California Labor Code § 203. The named plaintiff in the Menchaca Case was required to submit her claim to arbitration, but a stipulation between TransPerfect and Plaintiff tolled Plaintiff's FLSA and California Labor Code

claims as of December 17, 2021—the date she filed her consent form in the Menchaca Case. Plaintiff withdrew from the Menchaca Case and seeks relief under the FLSA and for her individual California state law claims in this action.

3.  The putative "FLSA Collective" is defined as:

    All persons who worked for Defendant as Project Managers, Senior Project Managers, Executive Project Managers, or other positions with similar job duties and/or job titles within the United States, excluding the state of New York, at any time during the last three (3) years prior to the filing of this Complaint (the "Collective Period") and beyond.

4.  During the Collective Period, Defendant failed to pay overtime compensation to Plaintiff and each member of the putative FLSA Collective as required by federal law. Plaintiff seeks relief for the putative FLSA Collective under the FLSA to remedy Defendant's failure to pay appropriate overtime compensation.

## JURISDICTION AND VENUE

5.  This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

6.  Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

7.  Plaintiff is an adult resident of Honolulu, Hawaii.

8.  Defendant currently employs Plaintiff as a Project Manager, or a similar title, and has employed her in that position since approximately January 2018.

9. Plaintiff began her employment with Defendant working in its office in San Francisco, California. In approximately March 2020, she began working remotely from her home in San Francisco. In January 2021, Plaintiff moved to Hawaii where she currently resides and works for Defendant remotely from her home office.

10. Plaintiff is Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1) and the California Labor Code.

11. Defendant is a New York corporation that, according to its website, is the world's largest language services provider. Its global group of companies completes over 400,000 projects per year, offering translation and language services, website and software localization, globalization management technology, multicultural marketing, legal support and e-discovery, e-learning platform internationalization, multimedia and studio solutions, and interpretation and call center support.

12. At all relevant times, Defendant's annual revenues have exceeded $500,000.00. Defendant operates in interstate commerce by, among other things, providing its services and business solutions in multiple states throughout the United States, including California.

13. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), (g), and the California Labor Code.

**FACTUAL ALLEGATIONS**

14. Defendant has thousands of clients throughout the United States, offering its services and solutions in industries including but not limited to life sciences, travel and hospitality, gaming, retail and e-commerce, technology, entertainment, legal, digital marketing and advertising.

15. To assist its customers, Defendant employs Project Managers such as Plaintiff and others similarly situated across the country.

16. Regardless of their office location or specific job title, Project Managers have similar job responsibilities and perform similar duties.

17. The position of the Project Manager is responsible for coordinating project phases and stages of language projects. Specifically, Plaintiff and other similarly situated Project Managers worked with sales staff, designers, format specialists, computer engineers, quality managers, proofreaders, and linguists, acting as the point of contact throughout various phases of projects.

18. Plaintiff and other Project Managers were members of Defendant's production department and were primarily responsible for ensuring that projects were completed according to TransPerfect's contracts with its customers. Plaintiff and other Project Managers performed additional duties, including providing project updates and responding to Defendant's customers' requests.

19. In assisting with the completion of translation projects for Defendant's clients, Plaintiff and other Project Managers were required to follow specific procedures and instructions for the content, aesthetics, display, timing, and review of projects and other specifications, which varied depending on the type and scope of each project. In addition, Plaintiff and other Project Managers were required to communicate any issues, problems, or additional information to sales staff, who then relayed the information to Defendant's clients.

20. Defendant paid Plaintiff and other Project Managers an annual salary with no overtime pay.

21. Defendant classified Plaintiff and other similarly situated Project Managers as exempt from state and federal overtime laws.

22.     Defendant suffered and permitted Plaintiff and similarly situated individuals to work more than forty (40) hours per week.

23.     For example, during the week ending June 26, 2020, Plaintiff estimates that she worked approximately 45 hours and did not receive overtime pay for her overtime hours worked. Plaintiff believes she worked more than 8 hours some days that week as well and similarly did not receive overtime pay for those overtime hours worked.

24.     Defendant was aware, or should have been aware, that Plaintiff and the other Project Managers performed non-exempt work that required payment of overtime compensation. For instance, Defendant often required Plaintiff and other Project Managers to work on multiple projects at once, often with short turnaround times, resulting in the need to work unpaid overtime hours.

25.     Further, since approximately March of 2020, Defendant has required Plaintiff and other Project Managers to record the hours they worked each day.  Upon information and belief, these records will reflect that Plaintiff and other Project Managers worked unpaid overtime hours.

26.     Defendant willfully operated under a common scheme to deprive Plaintiff and the other similarly situated Project Managers of proper overtime compensation as required under federal law.

27.     Defendant was or should have been aware that Plaintiff and other Project Managers performed non-exempt work that required proper payment of overtime compensation. Specifically, Plaintiff works with several Project Managers in New York that are eligible for and receive overtime pay.  When Plaintiff complained to her manager about the New York-based Project Managers receiving overtime pay when she did not receive it for her overtime hours worked, her

manager explained that it was based on a state law and that it was sufficient to pay Project Managers a salary and no overtime, elsewhere.

28. Although it had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the similarly situated individuals.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff and the putative FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

30. Plaintiff files the FLSA claim on behalf of herself and the putative FLSA Collective as defined above.

31. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

32. During the applicable statutory period, Plaintiff and the putative FLSA Collective routinely worked more than forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

33. At all times relevant to this Complaint, Defendant misclassified Plaintiff and other members of the putative FLSA Collective as exempt employees ineligible for overtime pay.

34. The primary duties Defendant assigned Plaintiff and other Project Managers do not satisfy the duties tests contained within any of the exemptions specified in the FLSA.

35. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, requiring Project

Managers and other similarly situated individuals to work overtime hours and failing to pay them overtime compensation.

36. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly situated current and former employees who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through its records.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME**
29 U.S.C. § 201 et seq.
(On Behalf of Plaintiff and the Putative FLSA Collective)

37. Plaintiff and the putative FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

38. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.  29 U.S.C. § 207.

39. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

40. Plaintiff and the putative FLSA Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

41. Plaintiff and the putative FLSA Collective have worked more than forty (40) hours per week for Defendant during the applicable period.

42. Defendant has not properly compensated Plaintiff or the putative FLSA Collective for their overtime hours as required by the FLSA.

43. Defendant failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the putative FLSA Collective.

44. Defendant knew Plaintiff and the putative FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the putative FLSA Collective wages at the required overtime rates. *See* 29 U.S.C. § 255.

45. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the putative FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA.

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the putative FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the putative FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

**SECOND CLAIM FOR RELIEF**
**OVERTIME - CALIFORNIA STATE LABOR CODE**
Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194, 1198
(On Behalf of Plaintiff Individually)

48. Plaintiff restates and incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

49. At times relevant to this action, Defendant employed Plaintiff within the meaning of the California Labor Code.

50. By the course of conduct set forth above, Defendant violated California Labor Code §§ 510, 1194, 1198, and California Wage Order No. 4.

51. The California Labor Code requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees.

52. Plaintiff was a non-exempt employee entitled to be paid proper overtime compensation for all hours worked.

53. During the relevant statutory period, Plaintiff worked in excess of eight hours in a workday and/or forty hours in a work week for Defendant.

54. During the relevant statutory period, Defendant failed and refused to pay Plaintiff overtime compensation for overtime hours worked.

55. Defendant had a policy and practice of failing and refusing to pay proper overtime pay to Plaintiff for her overtime hours worked.

56. As a result of Defendant's failure to pay wages earned and due, Defendant violated the California Labor Code.

57. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment interest, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the putative FLSA Collective, prays for relief as follows:

a. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms;

b.	Judgment that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

c.	Judgment against Defendant for violations of the overtime provisions of the FLSA;

d.	Judgment against Defendant for an amount equal to Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

e.	A finding that Defendant's violations of the FLSA are willful and not in good faith;

f.	An amount equal to Plaintiff's and the putative FLSA Collective's damages as liquidated damages;

g.	All costs and attorneys' fees incurred prosecuting this claim;

h.	An award of any pre- and post-judgment interest;

i.	Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

j.	For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff, individually, prays for relief as follows:

a.	Unpaid overtime wages, and other due wages, pursuant to California law;

b.	Appropriate equitable relief to remedy Defendant's violations of California state law;

c.	An award of damages and restitution to be paid by Defendant according to proof;

d.	Attorneys' fees and costs of suit, including expert fees pursuant to California Labor Code § 1194 and California Code of Civil Procedure § 1021.5;

e.	Pre-judgment and post-judgment interest, as provided by law; and

f.	Such other equitable relief as the Court may deem just and proper.

Dated:  September 6, 2022				**NICHOLS KASTER, PLLP**

					By:	*/s/ Michele R. Fisher*
						Michele R. Fisher, NY Bar No. 4505822
						Reena I. Desai, MN Bar No. 388311*
						Kayla Kienzle, MN Bar No. 0399975*
						fisher@nka.com
						rdesai@nka.com
						kkienzle@nka.com
						80 South 8th Street, Suite 4700
						Minneapolis, MN 55402
						Telephone: (612) 256-3200
						Facsimile: (612) 338-4878

						*Pro hac vice application forthcoming*

						ATTORNEYS FOR PLAINTIFF AND OTHERS SIMILARLY SITUATED